Blackford, J.
Marsh brought an action of assumpsit against Foresman, on the assignment of a sealed note for the payment of $100. The declaration contained three counts. The first, after describing the note and various assignments, &c., averred that the maker was wholly insolvent, and that a suit against him would have been useless. The second, after describing the note and several assignments, &c., averred that on, &c., the plaintiff obtained judgment before a justice of the peace against the maker, and on, &c., took out a fieri facias on the judgment, which was returned “ no goods or chattels.” Pleas to thé whole declaration: 1st, The general issue. 2d, That on, &c., the maker was seised of certain real estate in the county of the value of $200. Pleas to the second count: 1st, That on, &c., the maker was the legal owner of certain town lots, &c. 2d, That on, &c., the maker was seised in fee of certain real estate, &c. General demurrers to the special pleas, and the demurrers sustained. The cause was tried on the general issue. Verdict and judgment for the plaintiff.
We think the first special plea to the whole declaration is substantially good. The first count relies on the fact that the maker was insolvent; and it was, therefore, a good answer in substance to that count, that the maker had real estate subject to execution. The second count is insufficient, and no plea to it was necessary. The second count is bad because it relies for showing due diligence against the maker on a judgment obtained against him oh the note before a justice of the peace, and the return of an execution “ no goods or chattels.” It should have *306 appeared that the plaintiff, by means of a scire facias, had obtained an execution from the Circuit Court which would have reached real estate, and that the execution had been returned no property found; or there should have been an averment that the maker had no real estate subject to execution. There is no *occasion, therefore, to examine the pleas which were pleaded to that count alone.
B. Jones,, for the appellant.
On the trial, the defendant objected to the note and assignment as evidence, unless the plaintiff should first prove the signatures of the maker and prior indorsers; but the objection was correctly overruled. The suit was on the defendant’s assignment, and could be sustained without proving the previous indorsements or the signature of the maker. That the maker’s signature need not be proved in such case, is decided in Free v. Hawkins, Holt’s Rep., 550; and that prior indorsements need not be proved, in a suit on the indorsement of a bill of exchange, is decided in Critchlow v. Parry, 2 Camp., 182.
The defendant offered to prove by the record book of the county, that the maker of the note was the owner of certain real estate, but the evidence was rejected. This evidence was admissible. The conveyance offered to be proved, not being to the defendant, nor appearing to be under his control, might have been proved by the record book. Bowser v. Warren, 4 Blackf., 522; Dixon v. Doe d. Lasselle, 5 Id., 106; Doe d. Bowen v. Holmes, Id., 319.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.